### BARRINGTON v. PACIFIC S. S. CO. et al.

(District Court, D. Oregon. July 17, 1922.)

Seamen ⊗⇒29(5)—Jurisdiction of action for personal injury exclusive in district of defendant's residence or principal office.

Under Merchant Marine Act June 5, 1920, § 33, giving a seaman a right of action at law for personal injury, jurisdiction of which "shall be under the court of the district in which the defendant employer resides or in which his principal office is located," no other court has jurisdiction of such action.

At Law. Action by Martin Barrington against the Pacific Steamship Company and the Pacific Lighterage Company. On demurrer to complaint for want of jurisdiction. Demurrer sustained.

This is an action by a seaman to recover damages for personal injuries, which he alleges ensued through the negligence and carelessness of the defendants. The complaint shows that the Pacific Steamship Company is a corporation organized under the laws of Maine, and that the Pacific Lighterage Company is a corporation organized under the laws of Washington, and transacting business in Portland, Or.; but it nowhere appears that either of such concerns resides in or has its principal place of business in Oregon. The

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

defendants have interposed a general demurrer to the complaint on the ground that the court has no jurisdiction over the defendants, or either of them, or over the subject-matter of the suit.

Wm. P. Lord, of Portland, Or., for plaintiff.

Grosscup & Morrow and Chas. A. Wallace, all of Tacoma, Wash., for defendants.

WOLVERTON, District Judge (after stating the facts as above). The action is predicated upon section 33 of the Merchant Marine Act of June 5, 1920 (41 Stat. 1007), which provides, among other things:

"That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury. * * * Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

It is clear that this court is without jurisdiction of the parties, neither of the defendants residing or having its principal place of business in Oregon. But does it, within the purview of the statute, have jurisdiction over the subject-matter? If it does, the defendants have waived jurisdiction as to parties by appearing generally, and not specially for controverting jurisdiction only.

Jurisdiction under the present statute is not founded upon diversity of citizenship, but upon the fact that the plaintiff is a seaman, and that, being a seaman, he is entitled to his action for personal injuries in a court having jurisdiction of the cause. The action is special to seamen, which creates a new remedy, and the court authorized to entertain jurisdiction of the cause is one specially designated. In the sense, therefore, in which it is so designated, it is constituted, for the purpose of actions by seamen for personal injuries, a court of special, and not general, jurisdiction. The mandatory language of the statute indicates as much. Mark the language:

"Jurisdiction in such actions *shall* be under the court of the district," etc.

So it would appear by usual interpretation that no other court has jurisdiction of the cause, except the court of the district in which the defendant employer resides or in which his principal office is located. There is a reason for this; the purpose obviously being to prevent seamen from suing the owners and lessees of vessels in any port of the country away from their residence or principal place of business. There can be no analogy to the statute where general jurisdiction is given on the ground of diversity of citizenship and the venue depends alone upon the residence of the parties. In this view, the case of Ware-Kramer Tobacco Co. v. American Tobacco Co. (C. C.) 178 Fed. 117, is without application, and I am unable to agree with its application in Johnson v. Panama R. Co. (D. C.) 277 Fed. 859.

The demurrer will be sustained.