## PETTERSON v. HOBBS, WALL & CO.

(District Court, N. D. California, S. D.   November 10, 1923.)

Removal of causes ☞3—Employer held entitled to remove action for injuries to seaman, due to unseaworthiness.

Though, under La Follette Act, § 20, as amended by Jones Act, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), and under Comp. St. § 8660, state court may have concurrent jurisdiction of seaman's action for injuries, with common-law right of trial by jury, as matter is strictly maritime, where issue of vessel's unseaworthiness is involved, the case is removable to a federal court.

At Law.   Petition for writ of certiorari by one Petterson against Hobbs, Wall & Co., to review action of superior court of the city and county of San Francisco, denying petitioner's application for removal of action to federal court.   Writ issued.

H. W. Hutton, of San Francisco, Cal., for plaintiff.
Creed, Jones & Dall, of San Francisco, Cal., for defendant.

PARTRIDGE, District Judge.   The case of Petterson v. Hobbs, Wall & Co. is an action in which a complaint was filed in the superior court of San Francisco for damages for injury to a seaman. The residence and principal place of business of the defendant is in San Francisco, and the accident happened on board a vessel at a port in Oregon.   The application, in due form, for removal, was made in the state court and denied, and the matter comes here upon a petition for a writ of certiorari, and raises the very vexed question with regard to the right of the defendant to remove to this court an action by a seaman for injuries, where he is attempting to exercise the so-called common-law right, in which he has a right to trial by jury.

Section 33 of the Jones Act (Comp. St. Ann. Supp. 1923, § 8337a) amended section 20 of the La Follette Act, and provides that seamen may maintain an action at law, and that in that event the statutes of the United States, modifying and extending the common-law right or remedy in cases of personal injuries to railway employees, shall apply. It further provides that jurisdiction in such actions shall be under the court of the district in which the defendant or employer resides, or in which his principal office is located.

Judge Cushman has had occasion to examine the whole subject in the case of Wenzler v. Robin Line S. S. Co. (D. C.) 277 Fed. 812. He points out in that case that the statute provides specifically that jurisdiction shall be, first, under this court; then he points out further that, if it was the intention of Congress to extend that jurisdiction solely to the state courts, to the exclusion of this court, it would have used the plural, instead of the singular.   He further points out that it uses the words "court of the district," which he construes to be the District Court of the United States, for the very simple reason that Congress is legislating for its own courts, and not for the courts of the states, and in this state particularly there is no such thing as a superior

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

court, or a court of general jurisdiction, for the state in a district, for the reason that all superior courts of the state of California are courts of a county, and not of a district.

There is a further provision of subsection J of section 30 of the Jones Act (Comp. St. Ann. Supp. 1923, § 8146¼mmm), which reads as follows:

"The District Courts of the United States are given jurisdiction (but not to the exclusion of the courts of the several states, territories, districts, or possessions) of suits for the recovery of such damages, irrespective of the amount involved in the suit or the citizenship of the parties thereto."

Thus limiting the matter clearly to cases in which railway employees are injured. No such language is found extending it to seamen.

In section 8660 of the Compiled Statutes of the United States it is provided that railway employees shall not assume certain risks, such as matters pertaining to fellow servants and things of that sort; but it is clear that the right of removal has no relation whatever to the common-law risks. Moreover, the right of removal has nothing whatsoever to do with either the common-law right or a remedy. It is merely a proceeding by which the parties who have, or claim, the common-law right, are brought into the court of proper jurisdiction, and are there permitted to proceed in the manner prescribed by common law, which involves the right of trial by jury.

Therefore it is clear that, while the state courts may have concurrent jurisdiction, the right of the defendant to remove to this court in a matter strictly maritime, and which arises (as this case does) from a charge of the unseaworthiness of the vessel, is also clear.

The writ of certiorari will therefore issue as prayed.