## LORANG v. ALASKA S. S. CO. et al.

(District Court, W. D. Washington, N. D. May 14, 1924.)

No. 8511.

1. **Admiralty ⊜⟞1—Jurisdiction is in federal District Courts exclusively, and may not be charged by implication.**

Judicial Code, §§ 24, 256 (Comp. St. §§ 991, 1233), give federal District Courts exclusive jurisdiction of causes in admiralty, saving to suitors the right of common-law remedy, where common law is competent to give it, and this jurisdiction may not be changed by implication.

2. **Seamen ⊜⟞29(5)—Injured seaman may elect jury trial under common law.**

Under Jones Act, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), injured seaman may elect to have his claims decided under common law, with jury trial, instead of under maritime law, with trial by court.

3. **Courts ⊜⟞258—Congress may, as it sees fit, confer judicial power not vested in Supreme Court by Constitution.**

Congress may, as it sees fit, confer judicial power not vested in Supreme Court by Const. art. 3, § 1.

4. **Seamen ⊜⟞29(5)—Statute authorizing seamen to sue at law held to create new "rights" and "remedies"; "jurisdiction."**

Jones Act, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), authorizing injured seamen to sue at law, with right of jury trial, created new rules, new rights, and new remedies but it did not extend jurisdiction fixed by federal Employers' Liability Act (Comp. St. §§ 8657–8665); "right" being a legal consequence which applies to certain facts; "remedy" being the mode prescribed by law to enforce a right; and "jurisdiction" being power to inquire into facts and apply law to hear and determine a cause.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Jurisdiction; Remedy; Right—Rights.]

5. **Seamen ⊜⟞29(5)—Jurisdiction of action for injury to seamen conclusively presumed in federal District Court.**

Jones Act, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), providing that jurisdiction of actions by seamen for injuries shall be in court of district in which defendant employer resides or has principal place of business, must be conclusively presumed to refer to federal District Court.

⊜⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by Walter E. Lorang against Alaska Steamship Company and others. On motion to remand to state court. Motion denied.

The plaintiff instituted an action in the state court, under section 33 of the Jones Act (Comp. St. Ann. Supp. 1923, § 8337a), for injuries sustained while engaged as a seaman on one of the defendant's vessels upon the high seas, alleging unseaworthiness of the ship and negligence on the part of the defendants, the proximate cause of which resulted in his injury. In due time the defendant filed a petition for removal, alleging separable controversy, diversity of citizenship, fraudulent joinder, and federal question. A bond was tendered and an order of removal entered. A motion is now made to remand.

Wm. Martin and Arthur E. Griffin, both of Seattle, Wash., for plaintiff.

Bogle, Merritt & Bogle, of Seattle, Wash., for defendants.

NETERER, District Judge. [1] Sections 24 and 256, Judicial Code (Comp. St. §§ 991, 1233), give District Courts exclusive jurisdiction of causes of admiralty, "saving to suitors * * * the right of a common-law remedy where the common law is competent to give it." Chelentis v. Luckenbach S. S. Co., 247 U. S. 372, 38 Sup. Ct. 501, 62 L. Ed. 1171. The law of the sea, which embodies the principles of the general admiralty law, was in existence during the Confederation, and was by the Constitution, because of its relation to navigation and foreign and interstate commerce, given national control and recognized as the law of the United States, subject only to Congress to supplement or modify. Justice Van Devanter, in The Allianca (Panama R. Co. v. Johnson) 44 Sup. Ct. 391, 68 L. Ed. ——, 1924 A. M. C. 551, said:

"* * * As Congress is empowered by the constitutional provision to alter, qualify, or supplement the maritime rules, there is no reason why it may not bring them into relative conformity to the common-law rules, or some modification of the latter, if the change be country wide and uniform in operation."

[2] The act invoked brings to the admiralty the rule from the common-law system, and extends it to the injured seaman at his election—gives him the right to have his claim measured by common-law standards, instead of those prescribed by the maritime law. The admiralty rule is tried by the court; the common-law rule may be tried to a jury. The Allianca, supra.

[3] The disposal of judicial power belongs to the Congress. Turner v. Bank of N. A., 4 Dall. 10, 1 L. Ed. 718. The Congress may, as it sees fit, confer jurisdiction not vested in the Supreme Court by the Constitution. Section 1, art. 3; Case of Sewing Machine Companies, 85 U. S. (18 Wall.) 553, 21 L. Ed. 914.

[4, 5] The Congress, in granting to seamen who suffer personal injury in the course of their employment the benefit, at their election, of "all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees" (section 33, Act June 5, 1920, 41 Stat. 1007, amending Act March 4,

1915, § 20, 38 Stat. 1185 [Comp. St. Ann. Supp. 1923, § 8337a]), created new rules and extended new rights for seamen—a new remedy at their election—common law. This is the limit of the section; it does not extend the jurisdiction fixed by the Employers' Liability Act (Comp. St. §§ 8657–8665).

Right may be said to be a legal consequence which applies to certain facts. Remedy is the mode prescribed by the law to enforce a right. The removal provision is not of a remedy; it is not a vested right. Teel v. C. & O. Ry. Co., 204 Fed. 918, 123 C. C. A. 210. Jurisdiction is the power to inquire into facts and apply the law—to hear and determine a cause. The jurisdiction is fixed by sections 24 and 256, supra, and may not be changed by implication (Galveston, H. & S. A. Ry. Co. v. Wallace, 223 U. S. 481, 32 Sup. Ct. 205, 56 L. Ed. 516), and the provision *fixing jurisdiction in such actions in the court of the district* in which the defendant employer resides, or in which his principal place of business or office is located must be conclusively presumed to be the national District Court. Justice Van Devanter I think so held in The Allianca, supra. He said:

"A reading of the provision [section 33] now before us with those sections [24 and 256] * * * makes it reasonably certain that the provision is not intended to affect the *general jurisdiction of the District Courts* as defined in section 24, but only to prescribe the venue for actions brought under the new act of which it is a part." (Italics mine.)

Judge Cushman rightly so held in Wenzler v. Robin Line S. S. Co. (D. C.) 277 Fed. 817, and was followed in Barrington v. Pacific S. S. Co. (D. C.) 282 Fed. 900, Panama R. Co. v. Johnson (C. C. A.) 289 Fed. 964, Malia v. S. P. Ry. Co. (D. C.) 293 Fed. 902, and Petterson v. Hobbs et al. (D. C.) 300 Fed. ——, 1924 A. M. C. 327.

This is decisive of the issue on removal, and the motion to remand is denied.