## HERRERA v. PAN–AMERICAN PETROLEUM & TRANSPORT CO.

(District Court, S. D. New York. May 22, 1924.)

Removal of causes ⬤⇒3—Action for injuries to seaman may not be removed, under Jones Act.

Under Jones Act, § 33, amending La Follette Act, § 20 (Comp. St. Ann. Supp. 1923, § 8337a), an action for personal injuries to a seaman may not be removed for diversity of citizenship, in view of Comp. St. § 8662.

At Law. Action by Umberto Herrera against the Pan-American Petroleum & Transport Company. On motion to remand after removal. Motion granted.

Emanuel Friedman, of New York City, for plaintiff.
James A. Hatch, of New York City, for defendant.

AUGUSTUS N. HAND, District Judge. This action was brought by the plaintiff in the Supreme Court, New York County, under the provisions of the so-called Jones Act, to recover damages for personal injuries sustained by him while he was a seaman in the employ of the defendant. The action was removed to this court on account of diversity of citizenship, and the plaintiff now moves to amend.

Section 33 of the Jones Act of June 5, 1920, chapter 250, amending section 20 of the La Follette Act, provides:

"That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal

injury to railway employees shall apply; and in case of the death of any sea-man as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." Comp. St. Ann. Supp. 1923. § 8337a:

The defendant seeks to distinguish the present case from my decision in Elizabeth Beer, as Administratrix, etc., v. Clyde Steamship Co. on the ground that plaintiff here is suing for his own injuries, while in Beer v. Clyde Steamship Co., 300 Fed. 561, recovery was sought by a personal representative of a seaman whose death was the result of personal injuries. As I indicated in my former opinion, the words in the above section of the Jones Act, "modifying or extending the common-law right or remedy in cases of personal injury to railway employees," and the words, "conferring or regulating the right of action for death in case of railway employees," equally grant to the parties who may respectively have a cause of action the right to choose a state court without being subject to removal. I have re-examined the clause which counsel have discussed, and am more than ever convinced that any distinction which would enable a personal representative of a deceased seaman to withstand removal from a state court of an action for injury resulting in death, and would leave the Removal Act applicable to actions brought by seaman for personal injuries, is improbable and fanciful.

The provision of the act of Congress (U. S. Compiled Statutes, § 8662) relating to actions to recover damages for injuries to or the death of railway employees, that "no case * * * brought in any state court of competent jurisdiction shall be removed to any court of the United States," governs the present action and renders removal impossible.

It is said by defendant's counsel that the words, "modifying or extending the common-law right or remedy in case of personal injury to railway employees," do not embrace the provision of the Railway Employees' Liability Act preventing removal of actions brought in the state courts for the reason that the right to remove is not a common-law right. It is, however, a right accompanying a common-law action, where there is diverse citizenship and the jurisdictional amount is involved, and the right of removal in such cases is taken away by the Railway Employers' Liability Act. I think it may be fairly said that that act modifies the right of a common-law plaintiff to remove his case, and is therefore made applicable by the language of the Jones Act.

The motion to remand is accordingly granted.