## LORANG v. ALASKA S. S. CO.

(District Court, W. D. Washington, July 29, 1924.)

Removal of causes ⟨⇒108—Action removed to federal court will be dismissed for want of jurisdiction of state court.

State court, not having jurisdiction of action, federal district could not acquire jurisdiction on removal, and action will be dismissed without prejudice for want of jurisdiction.

Action by Walter E. Lorang against the Alaska Steamship Company, brought in the state court and removed to the federal court. On motion to remand to state court. Action dismissed without prejudice for want of jurisdiction.

See, also, 298 F. 547; 2 F.(2d) 300.

Wm. Martin and Arthur E. Griffin, both of Seattle, Wash., for plaintiff.

Bogle, Merritt & Bogle, of Seattle, Wash., for defendant.

The plaintiff, a seaman, received a broken leg while on duty at sea, on account of which he filed an action in the state court seeking to recover damages for the original injury, and also damages for the ship's failure to promptly proceed to some port for the purpose of obtaining hospital and medical aid. In due time petition for removal was filed upon the ground that the action was one based upon the laws of the United States, to wit, section 33 of the Merchant Marine Act of 1920 (Comp. St. Ann. Supp. 1923, § 8337a). The state court, upon presentation of the petition, refused to sign an order of removal, following which pleadings were settled in the state court and the action brought on for hearing upon the merits. At the time the defendant contended that the state court had lost any jurisdiction it might otherwise have had by the filing of the petition for removal, and at the trial the order of removal was signed. Immediately thereafter transcript on removal was filed with the federal court, where the plaintiff moved to remand. This motion was denied on the ground that section 33 of the Jones Act did not incorporate into itself the prohibition against removal contained in the federal Employers' Liability Act (Comp. St. §§ 8657–8665).

Following denial of the motion to remand, the plaintiff filed a petition in the Circuit Court of Appeals for a writ of mandamus, which was denied on the ground that mandamus was not the proper remedy.

Later the plaintiff renewed his motion in the federal court to remand; defendant resisted upon the ground that, if the state court had no jurisdiction, the action must be dismissed, while, if the state court had jurisdiction, the motion to remand must be denied.

Without filing an opinion, the court signed a decree dismissing the case without prejudice, embodying the following:

NETERER, District Judge. It appearing to the court that an opinion was heretofore filed on the 14th day of May denying plaintiff's motion to remand upon the grounds that this action was brought under section 33 of the Merchant Marine Act of June 5, 1920 (Comp. St. Ann. Supp. 1923, § 8337a), under which act jurisdiction in such actions "shall be under the court of the district in which the defendant employer resides or in which his principal office is located," and that this court under said act had exclusive original jurisdiction of this action, and that the superior court of the

state of Washington for King county, in which court this action was commenced, did not have jurisdiction on the subject-matter of this action, and that this court could not acquire jurisdiction upon removal, and the court being advised in the premises, it is hereby ordered, considered, and decreed that the above-entitled action be, and the same is hereby, dismissed without prejudice for want of jurisdiction, to which finding, order, and decree the plaintiff excepts, and his exception is allowed.