## PETTERSON v. STANDARD OIL CO. OF NEW JERSEY.

District Court, S. D. New York.

Oct. 10, 1924.

Silas B. Axtell, of New York City, for plaintiff.

Frederick J. Moses, of New York City, for defendant.

L. HAND, District Judge (after stating the facts as above).

This is indeed a tangled question under the authorities, resulting from the ambiguity of the statute. The word, "jurisdiction," in the last sentence of section twenty means only venue, Panama R. Co. v. Johnson, 264 U. S. 375, 383–385, 44 S. Ct. 391, 68 L. Ed. 748, but the Supreme Court has never said whether the state court had jurisdiction of such actions. Judge Cushman, in Wenzler v. Robin Line S. S. Co. (D. C.) 277 F. 812, 817–819, held in a case of injuries that the use of the word, "court," instead of "courts" precluded the idea that state courts were comprehended. He was followed by Judge Garvin in Malia v. So. Pac. Co. (D. C.) 293 F. 902, Judge Neterer in Lorang v. Alaska S. S. Co. (D. C.) 298 F. 547, and Judge Partridge in Petterson v. Hobbs, Wall & Co. (D. C.) 300 F. 811, 1924 A. M. C. 327. Barrington v. Pacific S. S. Co. (D. C.) 282 F. 900, is overruled by Panama R. Co. v. Johnson, supra; Leon v. U. S. Shipping Board (D. C.) 286 F. 681, is not in point.

On the other hand Judge A. N. Hand remanded such causes in three cases, Beer v. Clyde S. S. Co. (D. C.) 300 F. 561, Herrera v. Pan-American Petroleum & Transport Co. (D. C.) 300 F. 563, and Martin v. U. S. Shipping Board (D. C.) 1 F.(2d) 603. The first of these was for death and the other two for injuries. The New York Court of Appeals sustains the jurisdiction of the state courts, Patrone v. Howlett, 237 N. Y. 394, 143 N. E. 232, and so have two of the Appellate Divisions of that state, Tammis v. Panama R. Co., 202 App. Div. 226, 195 N. Y. S. 587, and Lynott v. Great Lakes Transit Corp., 202 App. Div. 613, 195 N. Y. S. 13, affirmed 234 N. Y. 626, 138 N. E. 473.

It seems to me that the latter cases are right. The clause, "the court of the district in which the defendant employer resides," fits a state court properly enough because the word, "district," will answer the local jurisdiction of such a court as well as a federal district. The use of the singular is not significant, since the phrase "the court" may have been used distributively, i. e., "any court." Besides, the earlier express provisions leave no doubt. The decisions which refuse to remand misconceive the meaning of the clause, "all statutes of the United States modifying or extending the common law right or remedy in cases of personal injury to railway employees shall apply." This does not mean that these statutes shall apply only so far as they modify or extend

such rights or remedies. The clause merely serves to identify those statutes and makes them applicable throughout. The same observation holds even more obviously for the recovery for death.

The purpose of Congress is clear enough to take over into the Seamen's Act the whole procedure of the Federal Employers' Liability Act (45 USCA §§ 51–59). It would thwart that purpose to stand on niceties such as the use of the singular instead of the plural. Of course, if there were constitutional difficulties I might have to scrutinize the words more curiously, but it has not been argued that, though the state courts had an acknowledged jurisdiction before the act over actions at law for injuries at sea, they may not be given an equivalent jurisdiction under these statutes.

Cause remanded.