## COOK v. ALASKA S. S. CO.

(District Court, W. D. Washington, N. D. October 19, 1925.)

No. 9988.

**1. Courts ⊙489(1)—Removal of causes ⊙13 —State and federal courts held to have concurrent jurisdiction of seaman's action for personal injuries, and action not removable; "court;" "district."**

Under Judicial Code, §§ 24 and 256, as amended by Acts Oct. 6, 1917, and June 10, 1922 (Comp. St. Ann. Supp. 1923, §§ 991 [3], 1233), where seaman's common-law action for injuries under Jones Act June 5, 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), was instituted in state court, and on ground of diversity of citizenship transferred to federal court, held, on motion to remand state court under last-named statute and Act April 5, 1910, amending Act April 22, 1908, § 6 (Comp. St. § 8662), relating to jurisdiction of federal circuit courts, and Judicial Code, § 289 (Comp. St. § 1266), abolishing circuit courts, had concurrent jurisdiction with federal court, and remand should be ordered; "court" as used in Jones Act meaning either state or federal court, and "district" being referrable to residence of defendant and not venue.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Court (Of Justice); District.]

**2. Courts ⊙52—Fixed jurisdiction not changed by implication.**

A fixed jurisdiction may not be changed by implication.

Action by Ellsworth D. Cook against the Alaska Steamship Company, brought in the state court and removed to the federal district court. On motion to remand. Motion granted.

The plaintiff instituted a common-law action in the state court for damages for personal injury suffered through negligence of the defendant on the high seas, "and elects * * * to maintain his action in the superior court of the state * * * with the right of trial by jury under section 33 of the Merchant Marine Act, approved June 5, 1920."

Upon the ground of diversity of citizenship, a petition for removal was filed in the state court, a bond tendered, and the record of the state court certified to this court. The plaintiff has moved to remand.

William Martin, of Seattle, Wash., for plaintiff.

Bogle, Bogle & Halman, of Seattle, Wash., for defendant.

NETERER, District Judge. This court declined to remand Lorang v. Alaska S. S. Co., 298 F. 547, Id., 8 F.(2d) 206, 1924 A. M. C. 1240, where recovery was sought for injury sustained on the high seas because of the unseaworthiness of the ship. The discussion in the decision, however, was general.

[1] Jurisdiction of this court is fixed by sections 24 and 256, Judicial Code, as amended by Acts approved Oct. 6, 1917, and June 10, 1922 (Comp. St. Ann. Supp. 1923, §§ 991[3], 1233), of all civil causes of admiralty and maritime jurisdiction, saving to sailors in all cases the right of a common-law remedy where the common law is competent to give it, and to claimants the rights and remedies under the Workmen's Compensation Law of any state. The grant of admiralty jurisdiction has uniformly been held to leave open the common-law jurisdiction of the state court over torts committed at sea, but required the state court to apply the maritime law. The Hamilton, 207 U. S. 398, 28 S. Ct. 133, 52 L. Ed. 264; Cheneltis v. Luckenbach S. S. Co., 247 U. S. 372, 379, 38 S. Ct. 501, 62 L. Ed. 1171; and other cases.

The diversity of citizenship is admitted. May the removal be made in view of the provision of section 33, Act April 5, 1920? Since the decision in Wenzler v. Robin Line S. S. Co. (D. C.) 277 F. 817, and the Lorang and other cases which followed it, I think the Supreme Court in Re East River Co., 266 U. S. 355, 45 S. Ct. 114, 69 L. Ed. 324, while not discussing but assuming jurisdiction to be in the state court, has recognized concurrent jurisdiction in state and federal court. An examination of the history of the Employers' Liability Act convinces me that this case should be remanded.

The Act of April 5, 1910 (36 Stat. 291) amends section 6 of the Act of April 22, 1908 (Comp. St. § 8662), and provides that:

"Under this act an action may be brought in a circuit court of the United States, in the district of the residence of the defendant. * * * The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several states, and no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

The forum in which to determine the rights and remedies under the Employers' Liability Act (Comp. St. §§ 8657–8665) was definitely fixed in a Circuit Court of the United States and a state court of competent jurisdiction.

After the Act of March 3, 1911, 36 Stat. 1167 (sec. 289. Judical Code [Comp. St. § 1266]) abolishing the circuit court, concurrent jurisdiction in such cases rested in the United States District Court and the state court.

[2] Section 33 of the Jones Act (June 5, 1920, 41 Stat. 1007 [Comp. St. Ann. Supp. 1923, § 8337a]), extends the common-law remedy in cases of personal injury to railway employees, to any seaman who shall suffer personal injury in the course of his employment, and at his election he may maintain an action for damages at law with the right of trial by jury, and all statutes relating thereto are modified, and jurisdiction in such actions "shall be under the court of the district in which the defendant employer resides," * * * not in the district court. There are two courts in the district of defendant's residence, federal and state. "Court" has reference to either state court or District Court, and designates the jurisdiction. "In the district" has reference to the residence of the defendant, as expressly stated, and fixes the venue. Panama R. R. Co. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748. A fixed jurisdiction may not be changed by implication, and there is no presumption that Congress intends to prevent a state court exercising jurisdiction already possessed in actions created by federal statute. Galveston H. & S. S. Ry. Co. v. Wallace, 223 U. S. 481, 32 S. Ct. 205, 56 L. Ed. 516.

The motion to remand is granted.