## CAMERON v. AMERICAN MAIL LINE, Limited.

### No. 8340.

District Court, W. D. Washington, S. D.

Feb. 1, 1934.

Sam L. Levinson, of Seattle, Wash., for plaintiff.

Bogle, Bogle & Gates, of Seattle, Wash., for defendant.

CUSHMAN, District Judge (after stating the facts as above).

The only ground for removal asserted in the argument is that plaintiff's cause of action is one on account of the unseaworthiness of the vessel as distinguished from negligence.

By title 46 USCA § 80, it is, among other things, provided:

"On all merchant vessels of the United States the construction of which shall be begun after March 4, 1915, * * * every place appropriated to the crew of the vessel

940

shall have a space &ast; &ast; &ast; for each seaman &ast; &ast; &ast; lodged therein; &ast; &ast; &ast; such place or lodging shall be securely constructed, properly lighted, drained, heated, and ventilated, properly protected from weather and sea. &ast; &ast; &ast;

"Any failure to comply with this section shall subject the owner or owners of such vessel to a penalty of not less than $50 nor more than $500. &ast; &ast; &ast;"

Plaintiff's motion to remand is based upon the provisions of title 46 USCA § 688, title 45 USCA § 56 and title 28 USCA § 71.

Title 46 USCA § 688 provides that: "&ast; &ast; &ast; And in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply. &ast; &ast; &ast;"

The applicable provisions of such statute are found in section 56 (45 USCA), supra.

Title 45 USCA § 56 (Act Cong. Apr. 22, 1908, c. 149, § 6, 35 Stat. 66, as amended) provides that: "&ast; &ast; &ast; No case arising under this *chapter* and brought in any State court of competent jurisdiction shall be removed to any court of the United States." (Italics supplied by the court.)

Section 51 of title 45 USCA which section is section 1 of chapter 149, supra, provides: "Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, &ast; &ast; &ast; shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, &ast; &ast; &ast; for such injury &ast; &ast; &ast; resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, *boats,* wharves, or other equipment." (Italics supplied by the court.)

The failure to provide seamen with lodging, as required by section 80 (46 USCA), supra, would be negligence as a matter of law. Schlemmer v. Buffalo, Rochester, etc., R. Co., 205 U. S. 1-15, 27 S. Ct. 407, 51 L. Ed. 681; Ross v. Schooley (C. C. A.) 257 F. 290, 291, certiorari denied 249 U. S. 615, 39 S. Ct. 390, 63 L. Ed. 803; W. A. Hover & Co. v. Denver & R. G. W. R. Co. (C. C. A.) 17 F. (2d) 881, 883, 884. See, also, Pig'n Whistle Corp. v. Scenic Photo Pub. Co. (C. C. A.) 57 F. (2d) 854.

As long as it clearly appears that the plaintiff sues to recover on account of asserted negligence, and the suit is not one in rem, it is not necessary to consider the claimed effect, where the owner of the vessel is sued, of the difference between negligence and unseaworthiness.

The motion to remand will be granted. Cortes v. Baltimore Insular Line, 287 U. S. 367, 53 S. Ct. 173, 77 L. Ed. 368.

The clerk is directed to notify the attorneys for the parties of the foregoing decision.