### FIOLAT v. MINNESOTA–ATLANTIC TRANSIT CO.

District Court, D. Minnesota, Fifth Division.

Feb. 8, 1940.

William E. Tracy, of Duluth, Minn., for plaintiff.

Gillette, Nye, Harries & Montague, of Duluth, Minn., for defendant.

SULLIVAN, District Judge.

This is an action brought by the administratrix appointed by the Probate Court of St. Louis County, Minnesota. In the complaint it is alleged that the defendant is a corporation organized and existing under the laws of the State of Delaware; that the deceased, during his lifetime, was a seaman; that he was a citizen of Minnesota; that he was injured during the course and scope of his employment by the defendant on one of its ships, and that as a result of said injuries, he died. This action is brought for the benefit of the seaman's

widow, who, it is alleged, is his sole heir at law, and dependent.

The action was commenced in the state court of St. Louis County, Minnesota. Thereafter said suit was removed to this Court, upon the petition of the defendant, relying upon the removal statute (28 U.S.C.A. § 72). The plaintiff now moves that said suit be removed to the State District Court, from whence it came, contending that since it was brought under the provisions of Section 33 of the Merchant Marine Act of 1920 (46 U.S.C.A. § 688), which Act by reference incorporates the Federal Employers' Liability Act (45 U.S.C.A. §§ 51–59), removal under the last mentioned statute is prohibited.

Section 33 of the Merchant Marine Act (46 U.S.C.A. § 688) provides, so far as is here material: "* * * and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

The pertinent provisions of Section 6 of the Federal Employers' Liability Act (45 U.S.C.A. § 56) are as follows: "* * * The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States, and no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

The Supreme Court, in considering the application of Section 6 of the Federal Employers' Liability Act, which provides "No action shall be maintained under this chapter unless commenced within two years from the day the cause of action accrued", in relation to the question of when an action under the Merchant Marine Act may be maintained as a substantive right, stated, in Engel v. Davenport, 271 U.S. 33, at page 38, 46 S.Ct. 410, at page 412, 70 L.Ed. 813: "The adoption of an earlier statute by reference makes it as much a part of the later act as though it had been incorporated at full length. [Citing cases.] It brings into the later act 'all that is fairly covered by the reference.' Panama Railroad Case

[Panama Railroad v. Johnson], 264 U.S. [375] 392, 44 S.Ct. 391 [68 L.Ed. 748]; that is to say, all the provisions of the former act which, from the nature of the subject-matter, are applicable to the later act. It is clear that the provision of the Employers' Liability Act as to the time within which a suit may be instituted, is directly applicable to the subject-matter of the Merchant Marine Act and covered by the reference."

The Court again, in Engel v. Davenport, 271 U.S. on page 37, 46 S.Ct. on page 412, 70 L.Ed. 813, states: "It is clear that the State courts have jurisdiction concurrently with the Federal courts, to enforce the right of action established by the Merchant Marine Act as a part of the maritime law. * * * And the jurisdiction of the State courts to enforce the new common law right made a part of the maritime law, is necessarily affirmed by the provision contained in section 6 of the Employers' Liability Act—plainly, we think, incorporated in the Merchant Marine Act by the generic reference—that jurisdiction of the Federal courts under the Act shall be concurrent with that of the courts of the several States, and no case arising thereunder when brought in any State court of competent jurisdiction shall be removed to any Federal court. Nor is the jurisdiction in suits under section 33 of the Merchant Marine Act limited to the Federal courts—as has been sometimes held in the District Courts—by its provision that jurisdiction 'shall be under the court of the district' in which the employer resides or his principal office is located. This, as was held in the Panama Railroad case, 264 U.S. at page 385, 44 S.Ct. 391 [68 L.Ed. 748], was not intended to affect the general jurisdiction of the Federal courts, but only to prescribe the venue of actions brought in them under the Act."

See also Lindgren v. United States, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686.

The word "jurisdiction" in the last sentence of Section 20 of the Act of March 4, 1915, as amended by Section 33 of the Act of June 5, 1920 (46 U.S.C.A. § 688), was construed in the Panama Railroad case, supra, 264 U.S. at pages 383, 385, 44 S.Ct. 391, 68 L.Ed. 748, as meaning only venue, but my research does not disclose that the Supreme Court has ever said that state and federal courts have concurrent jurisdiction of such Acts.

There is conflict in the holdings of the District Courts on the question of concur-

rent jurisdiction. Judge Cushman, in Wenzler v. Robin Line S. S. Co., D.C., 277 F. 812, December 27, 1921, in a case of personal injuries, stated that the use of the word "court" in the maritime statute precluded any deduction or conclusion that this word comprehended state courts. This rule was followed in Malia v. Southern Pacific Co., D.C., 293 F. 902; Lorang v. Alaska S. S. Co., D.C., 298 F. 547; and Petterson v. Hobbs, Wall & Co., D.C., 300 F. 811.

On the other hand, it has been held that the phrase, "the court of the district in which defendant employer resides", comprehends a state court as well as a federal court. See Beer v. Clyde S. S. Co., D.C., 300 Fed. 561, death case; Herrera v. Pan-American Petroleum & Transport Co., D.C., 300 Fed. 563, injuries; Martin v. United States Shipping Board Emergency Fleet Corp., D.C., 1 F.2d 603, injuries; Petterson v. Standard Oil Co. of New Jersey, D.C., 41 F.2d 219, death; Cameron v. American Mail Line, D.C., February 1, 1934, 5 F.Supp. 939. The New York Court of Appeals sustains the jurisdiction of state courts. Patrone v. M. P. Howlett, Inc., 237 N.Y. 394, 143 N.E. 232. And likewise, have the Appellate Divisions of New York sustained the jurisdiction of state courts. Tammis v. Panama Railroad Company, 202 App.Div. 226, 195 N.Y.S. 587, and Lynott v. Great Lakes Transit Corporation, 202 App.Div. 613, 195 N.Y.S. 13, affirmed 234 N.Y. 626, 138 N.E. 473.

The courts must give heed to the legislative declaration "and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable." 46 U.S.C.A. § 688.

This action is based on the alleged negligence of the defendant in failing to maintain and provide a suitable and safe ladder, placed in a secure position, so that employees using the same would not be subject to the risk and hazard of injury and possible death. When a duty rests upon a shipowner to provide for the safety of seamen and that duty is neglected with resultant injury or death to a seaman, liability attaches under Section 33 of the Merchant Marine Act, and it is comparable to the liability which attaches to a railroad company when injury or death results to the railroad company's employee because of a failure on the part of the railroad company to provide suitable appliances, or through acts of negligence on the part of the railroad company. See Cortes v. Baltimore Insular Line, Inc., 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368.

The state and federal courts, in my opinion, have concurrent jurisdiction in such cases. The plaintiff may select the jurisdiction, state or federal, and a state court, if the same is selected as the forum, cannot be deprived of jurisdiction by removal of the cause to the federal court. The state court of St. Louis County, Minnesota, had jurisdiction of the proceeding, and such proceeding was not subject to removal under the general removal statute.

This case will be remanded from this court to the District Court in and for St. Louis County, Minnesota.