### BEER v. CLYDE S. S. CO.

(District Court, S. D. New York. December 3, 1923.)

Removal of causes ⟝3—Action for death of seaman under Jones Act not removable.

An action for death of a seaman, under Jones Act, § 33, amending La Follette Act, § 20 (Comp. St. Ann. Supp. 1923, § 8337a), may not be removed to federal court.

At Law. Action by Elizabeth Beer, as administratrix of the goods, chattels, and credits of Adolph Beer, deceased, against the Clyde Steamship Company. On motion to remand after removal. Motion granted.

Jacquin Frank, of New York City, for the motion.
James McKown, Jr., of New York City, opposed.

AUGUSTUS N. HAND, District Judge. This is a motion to remand an action brought for injuries causing the death of plaintiff's intestate, due to the alleged negligence of the defendant. The action was brought under the so-called Jones Act, which amended the La Follette Act of 1915. Section 33 of the Jones Act of June 5, 1920, chapter 250, amending section 20 of the La Follette Act provides:

"That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law,

with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." Comp. St. Ann. Supp. 1923, § 8337a.

The plaintiff in this case was a resident and citizen of the state of New York, and the defendant a resident of the state of Maine. The action was brought to recover a sum in excess of $3,000, and would therefore, under ordinary circumstances, be removable to this court.

The opinion of Justice Kelly, of the New York Supreme Court, writing for the Appellate Division, Second Department, in Tammis v. Panama Railroad Co., 202 App. Div. 226, 195 N. Y. Supp. 587, is to the effect that the state courts have concurrent jurisdiction with the United States courts of actions brought under the Jones Act. The question which arises here, however, is not whether the present action was properly brought in the state court, but whether it could be removed, in view of the provision of the Jones Act, already quoted, to the effect that:

"All statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable."

Section 6 of the federal Employers' Liability Act, as amended in 1910 (Comp. Stat. § 8662), which regulates the rights of action for death in the case of railway employees, provides that:

"No case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

It is contended that this last provision of the federal Employers' Liability Act should be read into the Jones Act by reason of the clause in section 33 thereof. Judge Cushman in the case of Wenzler v. Robin Line S. S. (D. C.) 277 Fed. 812, and Judge Garvin in an opinion, dated July 26, 1923, in the case of Malia v. Southern Pacific Co. (D. C.) 293 Fed. 902, held that actions brought under the Jones Act were removable. Neither case was that of a personal injury resulting in death, where the action was brought by an executor or administrator, but each was a case of injuries to the plaintiff himself. The reasoning of Judge Cushman and Judge Garvin was that the provision of section 33 of the Jones Act, that in such action "all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railroad employees shall apply," relates to a modification of common-law rights or remedies, and not to the Removal Act, which still remains applicable in cases of diverse citizenship.

It hardly seems possible that the words in section 33 of the Jones Act relating to death cases, that "in such action all statutes of the United States conferring or regulating the right of action for death in case of railway employees shall be applicable," can be taken to incorporate by reference the provision of the Employers' Liability Act forbidding

removal, if the prior words in section 33 of the Jones Act, relating to actions by the injured party himself, do not. In my opinion, the words "modifying or extending the common-law right or remedy in cases of personal injury to railway employees," and the words "conferring or regulating the right of action for death in case of railway employees," equally confer upon the parties who may respectively have a cause of action the right to choose a state court without being subject to removal. I can see no reason why the provision in the Employers' Liability Act preventing removal is not as fully incorporated in the Jones Act by reference as the provision that no action shall be maintained unless commenced within two years, or the provision that the jurisdiction of the courts of the United States shall be concurrent with that of the courts of the several states. Comp. Stat. § 8662. So far as I see as much reason exists for preventing removal in a seaman's case as in that of a railway employee. It might have been held in the case of railway employees that the provision preventing removal did not cover cases of diverse citizenship, but such has not been the construction of the Employers' Liability Act. Ullrich v. N. Y., N. H. & H. R. Co. (D. C.) 193 Fed. 768; De Atley v. Chesapeake & Ohio Ry. Co. (D. C.) 201 Fed. at page 596.

For the foregoing reasons the motion to remand is granted.