## REYES v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(District Court, E. D. New York. February 13, 1924.)

**Removal of causes ⟲⟶3—Action at law for death of seaman, under Merchant Marine Act held not removable.**

An action at law brought in a state court for death of a seaman under Seamen's Act, § 20, as amended by Merchant Marine Act June 5, 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), is not removable.

At Law. Action by Pedro V. Reyes, administrator of the estate of Eustaquio V. Reyes, deceased, against the United States Shipping Board Emergency Fleet Corporation. On motion by plaintiff to remand to state court. Granted.

Arthur Lavenburg, of New York City, for plaintiff.

Ralph G. Greene, U. S. Atty., of Brooklyn, N. Y. (Edgar G. Wandless, of New York City, of counsel), for defendant.

GARVIN, District Judge. This is a motion by plaintiff to remand the action to the Supreme Court of the state of New York, whence it was removed. When the suit was instituted defendant appeared generally and procured the removal of the action to this court on the ground that the cause of action is one arising under the Constitution and laws of the United States, relying upon the act of Congress approved September 7, 1916 (Comp. St. § 8146a et seq.), entitled, "An act to establish a United States Shipping Board," etc., and moving pursuant to sections 28 and 29 of the United States Judicial Code (Comp. St. §§ 1010, 1011).

---

⟲⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The complaint alleges a cause of action for injuries resulting in the death of plaintiff's intestate, and was brought under the Merchant Marine Act, approved June 5, 1920 (Comp. St. Ann. Supp. 1923, § 8146¼ et seq.). Plaintiff now claims that the removal was improper for the reason that under said act (and the Railway Act made applicable thereto) a suit to recover damages for death is not removable. Judge Augustus N. Hand has so held. Beer v. Clyde Steamship Co. (S. D. N. Y. Dec. 3, 1923) 300 Fed. 561.

Section 33 of the Merchant Marine Act (section 8337a) provides:

"That section 20 of such act of March 4, 1915, be, and is, amended to read as follows:

"'Sec. 20. That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.'"

This is a right of action for death. By section 33, supra:

"In such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable."

It is provided by section 6 of the federal Employers' Liability Act, as amended in 1910 (section 8662, Comp. Stat.), and which refers to railway employees:

"No action shall be maintained under this act unless commenced within two years from the day the cause of action accrued.

"Under this act an action may be brought in a (circuit court) of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several states, and no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

Whether or not the cases of Wenzler v. Robin Line S. S. Co. (D. C.) 277 Fed. 812, and Malia v. Southern Pacific Co. (E. D. N. Y. July 26, 1923) 293 Fed. 902, were correctly decided, each is a case involving personal injuries, not death. The wording of section 33 differs with respect to personal injury and death actions. In the latter class of cases (whether or not Congress actually intended to make a distinction) it seems clear that a suit brought by the personal representative of a seaman, for injuries resulting in his death, being subject to section 8662, Comp. Stat., if brought in a state court of competent jurisdiction, cannot be removed to any court of the United States.

Motion to remand is granted.