## MARTIN v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(District Court, S. D. New York. June 6, 1924.)

**Removal of causes ⬤3—Action for injuries to seaman under Jones Act held not removable to federal court.**

Action against United States Shipping Board Emergency Fleet Corporation for injuries to seaman, under Jones Act, *held* not removable from state to federal court, since federal Employers' Liability Act as amended in 1910 (Comp. St. § 8662), prohibiting such removal, is applicable to such action, in view of Comp. St. §§ 8659, 8660, and Jones Act, § 33 (Comp. St. Ann. Supp. 1923, § 8337a).

At Law. Action by James Martin against the United States Shipping Board Emergency Fleet Corporation. On plaintiff's motion to remand to state court. Motion granted.

Silas B. Axtell, of New York City, for motion to remand.

William Hayward, U. S. Atty., of New York City, opposed.

AUGUSTUS N. HAND, District Judge. This action was brought in the City Court of the City of New York and removed to this court. The plaintiff moves to remand on the grounds: (1) That the amount involved is only $2,000; (2) that the action is brought under the Employers' Liability Act (Comp. St. §§ 8657–8665), and therefore is not removable from a state court into the United States court.

The first point has already been decided against the contention of the plaintiff in the cases of Porter v. United States Shipping Board Emergency Fleet Corporation (D. C.) 284 Fed. 397, and Hill v. United States Shipping Board Emergency Fleet Corporation (D. C.) 284 Fed. 398.

The second point falls within the reasoning of my recent decision in the case of Beer, Administratrix, v. Clyde Steamship Line, 300 Fed. 561 (opinion dated December 3, 1923). It is sought to distinguish the facts in this case on two grounds: (a) This is an action for personal injuries and not a death case; (b) it is brought for in-

juries arising from the operation of a government-owned vessel.

The case is not brought under the Employers' Liability Act, but under the Jones Act (41 Stat. 988), which allows recoveries for personal injuries in the course of their employment to seamen, and also recoveries by their personal representatives where seamen are killed. The Employers' Liability Act is, however, made applicable by section 33 of the Jones Act of June 5, 1920, c. 250 (U. S. Comp. St. Ann. Supp. 1923, § 8337a), by the clause that "in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable." I think there is no sound distinction between an action for personal injuries to a seaman and an accident resulting in death, so far as relates to the right of removal.

In respect to the action for personal injuries, section 33, supra, reads: "And in such action all statutes of the United States modifying or extending the common-law right of remedy in cases of personal injury to railway employees shall apply." In respect to death cases the section reads: "And in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable."

The federal Employers' Liability Act, as amended in 1910 (U. S. Comp. St. § 8662), which regulates the right of action for death in the case of railway employees, provides: "No case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

That act modifies the common-law remedy in respect to certain defenses, such as assumption of risk and contributory negligence (see Comp. Stat. §§ 8659, 8660), and the above-quoted clause expressly provides that no case brought under it in any state court of competent jurisdiction shall be removed to a United States court. It seems a technical interpretation of the Jones Act to hold that the incorporation by reference of "all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injuries to railway employees" does not include the provision in the federal Employers' Liability Act against removal from state courts. To be sure the provision against removal is not in itself any modification or extension of a "common-law right or remedy," yet it is a part of a statute which does modify a common-law right or remedy, and thus is naturally appropriated along with the other provisions of the statute.

The real reason for the different language employed in section 33 of the Jones Act, when providing for actions for personal injuries and actions for death from wrongful act, is of course, historical. No civil right of action existed at common law in the case of death from wrongful act. Such a cause of action was first granted by Lord Campbell's Act, and has subsequently been carried forward by various statutes in all common-law jurisdictions. Section 33 of the Jones Act, in dealing with death cases, therefore, appropriately, if not necessarily, describes the federal Employers' Liability Act as a statute "conferring or regulating the right of action for death in the case of railway employees." In the case of personal injuries to railway employees, the remedy already existed at common law. There can, however, be no reasonable ground urged for forbidding removal in death cases which does not apply to personal injury cases.

In my opinion, the clause in the Employers' Liability Act preventing removal is made applicable by section 33 of the Jones Act to both cases, and the cause must be remanded to the state court accordingly.