### ATIANZA v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION et al.

(District Court, E. D. New York. August 26, 1924.)

Removal of causes ⬤➾3—Action at law for injury to seaman, under Merchant Marine Act, held not removable.

An action at law for injury to a seaman, brought under Merchant Marine Act, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), in a state court, is not removable.

At Law. Action by Baldomero Atianza against the United States Shipping Board Emergency Fleet Corporation and the Tampa Interocean Steamship Company. On motion to remand to state court. Granted.

See, also, 299 F. 975.

Charles H. Kriger, of Brooklyn, N. Y., for plaintiff.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Edgar G. Wandless, of New York City, of counsel), for defendant United States Shipping Board Emergency Fleet Corporation.

Nathan A. Smyth, of New York City, for defendant Tampa Interocean S. S. Co.

GARVIN, District Judge. This is a motion by the plaintiff, who appears specially for the purposes of this motion only, to remand this action to the Supreme Court, County of Richmond. The suit was commenced in the Supreme Court of the State of New York, County of Richmond, by the service of a summons and complaint on July 14, 1924. On August 4th defendants caused it to be removed from the New York Supreme Court to this court.

The action is brought pursuant to section 33 of the Merchant Marine Act of 1920 (Comp. St. Ann. Supp. 1923, § 8337a), which act provides in part that all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply to cases such as the action at bar. There is, indeed, an unfortunate conflict of authorities with regard to the proper forum in which an action brought pursuant to this section should be tried.

This court held that an action brought in the state court, under this section, to recover for personal injuries, removed to this court, would not be remanded to the state court. Malia v. Southern Pacific Co. (decided July 26, 1923) 293 F. 902. This decision was upon the authority of Wenzler v. Robin Line S. S. Co. (D. C.) 277 F. 812. Later Judge A. N. Hand, in a case brought under the same act, to recover for injuries resulting in the death of plaintiff's intestate, due to defendants' negligence, disapproved the reasoning of the latter opinion, and granted the motion to remand. Beer, as Administratrix, etc., v. Clyde Steamship Co. (S. D. N. Y. December 3, 1923) 300 F. 561. That case has been followed in this district in an action for injuries resulting in death. Reyes, as Administrator, etc., v. U. S. S. B. E. F. C. (decided February 13, 1924) 299 F. 957. The Malia decision, supra, was

made without discussion of the law and solely upon the Wenzler Case, supra, in order that there might be harmony of authority. The decision in the Beer Case, supra, in this circuit, now permits this court to follow what it regards as the more persuasive reasoning, that of Judge A. N. Hand. Because of the latter decision, the court is of the opinion that it should not follow the case of Lorang v. Alaska S. S. Co. (D. C.) 298 F. 547, cited by defendants.

This determination does not conflict with Caceres v. U. S. S. B. E. F. Corp. et al., 299 F. 968, and Villard v. U. S. S. B. E. F. Corp. et al., 1 F.(2d) 570, both decided in this district, May 29, 1924, and followed by this court when, on June 5, 1924, it dismissed a prior action brought by plaintiff against the defendants herein. In none of those cases did plaintiff move to remand, as in the instant case. Whatever may be the conflict of authorities, it appears to me that the court is bound to follow the construction of the acts in question which has been adopted in this circuit.

Motion granted.