**WILE et al. v. BURNS BROS. et al.**

District Court, S. D. New York.

Dec. 23, 1932.

Herman H. Oppenheimer, of New York City (Leonard B. Zeisler, of New York City, of counsel), for plaintiffs.

White & Case, of New York City, for defendants Burns Bros., Huber, Holley and Swayne.

Breed, Abbott & Morgan, of New York City, for defendant Payne.

Scudder, McCoun, Stockton & Kerfoot, of New York City, for defendant Perry.

Edward Weinfeld, of New York City, for defendants Sanders A. Wertheim and Emma Moloney.

COXE, District Judge.

This is a motion by the plaintiffs to remand to the state court.

The action is a stockholders' derivative suit brought by three stockholders of Burns Bros., a New Jersey corporation, against the corporation itself, and twenty-seven individual defendants, described as past and present directors and officers, for an accounting and damages. The complaint is voluminous, and it is unnecessary to summarize its various provisions. It will be sufficient for the present purpose to say that it charges the twenty-seven individual defendants with gross mis-

management, unlawful conduct, and misappropriation, during the period from 1925 to date; and there are allegations of specific acts of omission and commission against them all. It is stated also in paragraph 2 that Burns Bros., the corporation, is joined as a defendant "for the sole purpose of obtaining relief for its benefit," and no affirmative judgment is asked against it. The relief prayed for against the individual defendants is: (1) An accounting for moneys, property, and profits received; (2) damages for dereliction of duty; and (3) an injunction against further alleged illegal conduct.

Removal proceedings were instituted by the defendant corporation and seven of the individual defendants on the ground of diverse citizenship; and the present motion to remand is made by the plaintiffs (1) because of alleged defects in the removal papers of some of the removing defendants; and (2) because of the nonexistence of separable controversies as to all of the moving defendants.

The motion in so far as it relates to alleged defects in the removal papers has, I think, already been disposed of by the granting of motions on the argument permitting amendments to be made, and it is not necessary, therefore, to discuss the matter further.

The character of the action is clearly indicated in Bosworth v. Allen, 168 N. Y. 157, 61 N. E. 163, 165, 55 L. R. A. 751, 85 Am. St. Rep. 667; Miller v. Quincy, 179 N. Y. 294, 72 N. E. 116; Mabon v. Miller, 81 App. Div. 10, 80 N. Y. S. 979; and German American Coffee Co. v. Diehl, 86 Misc. 547, 149 N. Y. S. 413, affirmed without opinion in 168 App. Div. 913, 152 N. Y. S. 1113, and again in 216 N. Y. 57, 109 N. E. 875. The theory of these cases is that the directors of a corporation are charged with the duties of trustees, and that "for a violation of that duty, resulting in waste of its assets, injury to its property, or unlawful gain to themselves, they are liable to account in equity the same as ordinary trustees." And, as stated by Mr. Justice Hatch in Mabon v. Miller, supra, pages 18, 19 of 81 App. Div., 80 N. Y. S. 979, 984: "It is no objection to the complaint that the defendants may not be all equally culpable, or equally liable to respond in damages or otherwise to account for the property which has been misappropriated. * * * There may be many breaches, but they are of a single duty. There may be different trustees, but they deal with the same matter. There may be different degrees of participation in the disposition of the property, but the dealings are had with the property of the corporation, and the duty in such dealing is owed by the trustee to it. Consequently, the act which furnishes the ground of action is the breach of duty; and an accounting is asked of the property affected by such breach, together with the damages which flow therefrom. The whole cause of action is, therefore, single; and the fact that all of the directors may not have acted at a given time, or have been guilty of the same waste, or involved in the same measure of damage inflicted upon the corporation, is of no consequence. To the extent that they have been guilty of wrongful acts whereby property has been dissipated, for such acts and property they may be called upon to account; and variance in degree of acts, or culpability, or property wasted, or damage sustained, does not make different causes of action. Equity lays hold of the entire transaction, and is invested with power in a single equitable action to submit each and every action of the directors to scrutiny, and award such judgment as is consonant with the facts and will remedy the wrong, and may determine therein the liability of each director for his culpable act."

In line with these decisions, I do not think the complaint states more than a single cause of action, in which the individual defendants are charged jointly and severally with the commission of wrongful acts, and for which they may be held jointly and severally liable; and the mere fact that separate accountings are asked as part of the general relief does not make separable controversies under the federal statute; for the complaint is framed on the theory of joint accountability, and the pleading is the only criterion on a motion of this kind. Louisville & N. R. Co. v. Ide, 114 U. S. 52, 5 S. Ct. 735, 29 L. Ed. 63; Powers v. Chesapeake & O. R. Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673; Alabama Great Southern R. Co. v. Thompson, 200 U. S. 206, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Chicago, B. & Q. R. Co. v. Willard, 220 U. S. 413, 31 S. Ct. 460, 55 L. Ed. 521; Fox v. Mackay (C. C.) 60 F. 4; Venner v. Southern Pac. Co. (C. C. A.) 279 F. 832.

The case of Rogers v. Hill (D. C.) 53 F. (2d) 395, cited by the defendants, is plainly distinguishable, as the individual defendants there were only asked to account for the moneys received by each, respectively, which is not the case here. Furthermore, the corporation in the Hill Case was an active defendant, and affirmative relief was demanded against it; whereas, in the present case the corporate defendant is merely a formal party, and no

affirmative relief is asked against it. The present suit more nearly resembles Del Fungo Giera v. Rockland Light & Power Co. (D. C.) 46 F.(2d) 552, where removal was denied because the complaint alleged a joint liability. The case of Boyd v. Gill (C. C.) 19 F. 145, has, I think, been qualified by the later Supreme Court decisions (Fox v. Mackay, supra); but whether it has or not is unimportant, as I am satisfied in this case that there is no separable controversy alleged as to any of the removing defendants.

It is insisted also by the defendants that the case presents a separable controversy as to the corporate defendant; but it is, I think, a sufficient answer to this contention that Burns Bros. is in no sense an active defendant, and for the purposes of this motion is to be aligned on the same side as the plaintiffs.

The motion to remand with respect to all of the removing defendants is, therefore, granted.