**KRISTIANSEN v. NATIONAL DREDGING CO.**

District Court, E. D. New York.

Sept. 6, 1933.

Carl R. Wittekind (by Frank C. Mason), of New York City, for plaintiff.

Alexander, Ash & Jones, of New York City, for defendant.

CAMPBELL, District Judge.

This is a motion to remand the above-entitled action to the Supreme Court of the State of New York, County of Kings.

The sole ground for the removal was diversity of citizenship.

 This action was brought under the Jones Act, Act of June 5, 1920, c. 250, § 33 (title 46, § 688, U. S. C. [46 USCA § 688]), and therefore was not removable to this court. Engel v. Davenport, 271 U. S. 33, 46 S. Ct. 410, 70 L. Ed. 813; Goetz v. Interlake S. S. Co. (D. C.) 47 F.(2d) 753; Atianza v. United States Shipping Board Emergency F. Corp. (D. C.) 3 F.(2d) 845; Beer v. Clyde S. S. Co. (D. C.) 300 F. 561.

The complaint alleges an action for damages for negligence under the Jones Act, and the complaint is the only criterion on a motion of this kind. Wile v. Burns Bros. (D. C.) 2 F.Supp. 951.

Defendant cites The Red Eagle (C. C. A.) 3 F.(2d) 541, 543, in which the court held that there cannot be two proximate causes of a disaster; but that case is not in point for the reason that in the case at bar negligence is the sole proximate cause of the damage alleged.

Keefe v. Matson Navigation Co. (D. C.) 46 F.(2d) 123, cited by the defendant, is not authority in support of defendant's contention that the case at bar is based on unseaworthiness.

In the Keefe Case the complaint alleged: "That such condition of the stateroom constituted the vessel unseaworthy; that the said unseaworthy condition was the proximate and sole cause of plaintiff's illness." No charge of negligence was made, and the complaint alleged that the unseaworthiness was the proximate and sole cause. This is clearly distinguishable from the case at bar, in which negligence as the cause of the damage is alleged, and the word "unseaworthy" describes a condition which had resulted from the negligence alleged, and which negligence was the proximate cause.

In view of the statement as to the contents of the complaint in Engel v. Davenport, supra, at page 34 of 271 U. S., 46 S. Ct. 410, 411, 70 L. Ed. 813, which is as follows: "The complaint alleged, in substance, that the vessel had been negligently sent upon her voyage when unseaworthy and equipped with defective appliances, in that a pelican hook, which was a necessary part of the chain lashing used in carrying the cargo, had in it a flaw observable upon ordinary inspection; that this hook was not inspected; and that it broke by reason of this flaw, causing the injuries in question," and the fact that the use of the word "unseaworthy" therein did not prevent the Supreme Court from sustaining the right to remand, I do not see any reason why the use of the word "unsea-

worthy," used in the same manner, should be given greater effect in the case at bar.

The case at bar is grounded only on negligence, and I see nothing in Mikkelson v. Pacific S. S. Co. (D. C.) 46 F.(2d) 124, cited by defendant, which would be authority for a refusal to remand in the case at bar.

In view of the decision of the Supreme Court in Engel v. Davenport, supra, I respectfully disagree with the decision in Petterson v. Hobbs, Wall & Co. (D. C.) 300 F. 811, cited by defendant.

 The desire of the defendant to keep the case in this court pending the appeal in a limitation proceeding cannot be gratified. Mikkelson v. Pacific S. S. Co., supra (D. C.) at page 125 of 46 F.(2d): "When the action is brought in the state court, jurisdiction attaches, and this court cannot acquire jurisdiction by removal."

The motion to remand is granted. Settle order on notice.