PETER CALDAROLA, Appellant, *v.* MOORE-MCCORMACK LINES, INC., Defendant, and GERDA ECKERT et al., Partners under the Firm Name of THOR ECKERT & Co., Respondents.

Argued June 11, 1946; decided July 23, 1946.

*Abraham M. Fisch* and *Sidney Schiffman* for appellant. I. Defendants-respondents aided in the operation of the vessel and had a sufficient measure of control to make the necessary inspections and repairs. (*Antonsen* v. *Bay Ridge Savings Bank,* 292 N. Y. 143; *Quinn* v. *Southgate Nelson Corp.,* 121 F. 2d 190; *Brady* v. *Roosevelt S. S. Co.,* 317 U. S. 575.) II. Defendants and the War Shipping Administration contemplated operation of the vessel by defendants. (*Lewis* v. *U. S. Navigation Co.,* 57 F. 652.) III. Where the agent has the duty and the opportunity to repair, his failure to do so constitutes misfeasance. (*Quinn* v. *Southgate Nelson Corp.,* 121 F. 2d 190; *Brady* v. *Roosevelt S. S. Co.,* 317 U. S. 575; *Pipitone* v. *Standard Fruit & Steamship Co.,* 57 N. Y. S. 2d 280; *Mollino* v. *Ogden & Clarkson Corp.,* 243 N. Y. 450.) IV. Plaintiff need not prove that the defendants were in complete possession and control of the vessel. If defendants had a sufficient measure of control to make the necessary repairs, they should be held liable. (*Quinn* v. *Southgate Nelson Corp.,* 121 F. 2d 190; *Brady* v. *Roosevelt S. S. Co.,* 317 U. S. 575.)

*Raymond Parmer* and *Vernon Sims Jones* for respondents. I. The decision of the United States Supreme Court in *Brady* v. *Roosevelt Steamship Co.* (317 U. S. 575) did not involve a general agency contract. It involved an entirely different contract which was used by the United States in connection with the peacetime operation of United States-owned vessels. (*Pedersen* v. *Stockard S. S. Corp.,* 268 App. Div. 992; *Murray* v. *American Export Lines,* 53 F. 861; *Hust* v. *Moore-McCormack Lines,* 158 P. 2d 275.) II. The control which gives rise to common law duties toward the public is dominion. It implies the power and the right to admit people to the premises and to exclude people from them. (*Cullings* v. *Goetz,* 256 N. Y.

287; *Lafredo* v. *Bush Terminal Co.*, 261 N. Y. 323; *Robert* v. *U. S. S. B. Emergency Fleet Corp.*, 240 N. Y. 474.) III. An agent's failure to perform a duty which he owes to his principal does not constitute negligence toward a third party. (*Colvin* v. *Holbrook*, 2 N. Y. 126; *Murray* v. *Usher*, 117 N. Y. 542; *Van Antwerp* v. *Linton*, 89 Hun 417, 157 N. Y. 716; *Christianson* v. *Breen*, 288 N. Y. 435; *Macutis* v. *Codahy Packing Co.*, 203 F. 291; *Kelly* v. *Robinson*, 262 F. 695; *King* v. *City of Beaumont*, 296 F. 5; *Mollino* v. *Ogden & Clarkson Corp.*, 243 N. Y. 450; *Lafredo* v. *Bush Terminal Co.*, 261 N. Y. 323; *Cullings* v. *Goetz*, 256 N. Y. 287; *Moch Co.* v. *Rensselaer Water Co.*, 247 N. Y. 160.)

DESMOND, J. Plaintiff, a longshoreman, was injured while working on the deck of a steamship moored at a New York City pier, by reason of the breaking of a cargo boom which was part of the ship's gear and which, the jury held, was defective. Plaintiff was not a member of the ship's crew but was an employee of an outside stevedoring contractor. The vessel was owned by the United States. Plaintiff sued defendants-respondents Eckert, alleging and attempting to prove that those defendants were so much in possession and control of the ship, at the time of the accident, as to make them responsible to third persons lawfully on board, for injuries caused by unsafe conditions on the ship. The jury found for plaintiff but the Appellate Division reversed upon the facts and law, and dismissed the complaint.

Defendants were not charterers of the vessel nor did they physically operate it. Plaintiff's contention that defendants had a duty to him, to keep the ship in repair, was based on the terms of a " General Agency Contract " made between defendants and the United States and covering this and other ships, plaintiff relying also on certain governmental " Regulations " which supplemented and amplified that contract. By the contract and the regulations defendants were appointed agents " to manage and conduct the business of " those ships. The Appellate Division held that nothing in the arrangements between defendants and the United States made defendants any more than managers of certain aspects of the ship's " business " and that defendants were not operators of the ship or respon-

sible to third persons for its condition. Accordingly, held the Appellate Division (270 App. Div. 563, 566), any failure by defendants to perform such duties as were assigned to them by the United States in connection with repairs to the ship, was " strictly nonfeasance " for which defendants were answerable to their principal, the United States, but not to plaintiff. The Appellate Division cited and applied *Cullings* v. *Goetz* (256 N. Y. 287) where Chief Judge CARDOZO wrote (p. 290): " Liability in tort is an incident to occupation or control ".

We are in full agreement with the Appellate Division's conclusions and the reasons therefor as stated in its opinion. There would be no occasion for writing this opinion were it not for plaintiff's reliance on the decision of the United States Supreme Court (handed down the day before the argument of the present case in our court) in *Hust* v. *Moore-McCormack Lines, Inc.* 328 U. S. ——).* In that case the Supreme Court reversed a decision of the Supreme Court of Oregon which had dismissed the suit of plaintiff Hust, who, unlike the present plaintiff, was a seaman. The " General Agency Contract " made between the United States and defendant in the Hust case was identical with the contract of the present defendants with the government. But Hust's suit was brought under the " Jones Act " (U. S. Code, tit. 46, § 688) which gives a seaman a statutory cause of action in negligence against his employer. The majority opinion in the Supreme Court holds only that the Jones Act should be liberally construed so as to give Hust a cause of action thereunder against the " General Agent ". A concurring opinion by two of the Supreme Court Justices, in the *Hust* case, goes much further and construes the " General Agency Contract " as putting the agent in possession and control of the ship. Since that minority holding is not the holding of the court, we are not bound to follow it nor to decide whether, if it were the decision of the court, we should have to follow it, as being on a question of maritime law or because it is a construction of a contract to which the United States is a party (See *S. R. A., Inc.*, v. *Minnesota*, 327 U. S. 558). We find nothing in this record to prove possession or control of the ship in these defendants Eckert,

---

* 66 S. Ct. 1218; 90 L. ed. 1220.

and so hold with the Appellate Division that, whatever his other remedy might be against the United States or anyone else (see Federal "Suits in Admiralty Act", U. S. Code, tit. 46, § 742), plaintiff has no cause of action against these defendants. We agree with the Appellate Division that *Brady* v. *Roosevelt S. S. Co.* (317 U. S. 575) is not authority for plaintiff's position here, since in the *Brady* case the vessel was being operated by the agent under a different form of agreement with the United States, which agreement required the agent to man and operate it.

The judgment should be affirmed, with costs.

LOUGHRAN, Ch., J., LEWIS, CONWAY, THACHER and FULD, JJ., concur; DYE, J., taking no part.

Judgment affirmed.