## McGOWAN v. J. H. WINCHESTER & CO.

District Court, S. D. New York.
Jan. 9, 1948.

Nathan Baker, of New York City, for plaintiff.

Hanrahan & Dougherty, of New York City, for defendant.

CONGER, District Judge.

The defendant moved to dismiss the complaint herein at the close of plaintiff's case, and also for a directed verdict after all the evidence had been heard. The decision of the Court was reserved on the motions and the case was submitted to the Jury, which found that the plaintiff was injured by reason of the negligence of certain members of the crew of the SS "William A. Graham," and so rendered a verdict in his favor.

The plaintiff is an employee of a ship repair concern which had undertaken to perform reconversion repairs on the SS "William A. Graham," owned by the United States. The defendant's relationship grew out of the familiar General Agent Service Agreement, wherein the master and members of the crew are made agents of the United States and not of the general agent. He was injured on board in the course of his duties.

The defendant's motions are based upon the argument that the general agent is not responsible for an injury to a third party caused by the negligence of a member of the crew. With this argument I agree.

The Supreme Court was recently presented with this problem in Caldarola v. Eckert, 332 U.S. 155, 67 S.Ct. 1569, 91 L.Ed. 1968, and the Court there held that General Agents are not to be deemed owners pro hac vice of Government vessels assigned to them, and are therefore not charged with the duties of such owners. Effort has been made to distinguish this holding by reference to the opinion of the New York Court of Appeals in the case* wherein the Court agreed that " * * * any failure by defendants to perform such duties as were assigned to them by the United States in connection with repairs to the ship, was 'strictly nonfeasance' for which defendants were answerable to their principal, the United States, but not to plaintiff." It is argued that where as here the negligence is misfeasance or malfeasance rather than nonfeasance, the rule is different. No such intimation is found in the opinion of the Supreme Court. In fact the language of the Court indicates otherwise.

In Hust v. Moore-McCormack Lines, 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534, the Court permitted suit by a seaman against the General Agent holding the latter to be an "employer" within the meaning of the term as used in the Jones Act, 46 U.S.C.A. § 688. But it did not deem the General Agent the owner pro hac vice in other respects.

The motion to dismiss the complaint is granted and the verdict of the Jury is set aside.

It is unnecessary to consider any other motions.

Settle order.

---

\* Caldarola v. Moore-McCormack Lines, 295 N.Y. 463, at page 466, 68 N.E.2d 444.