McGOWAN v. J. H. WINCHESTER & CO., Inc.
BURO v. AMERICAN PETROLEUM TRANSPORT CORPORATION.
Nos. 255, 265, Dockets 20966, 20986.

Circuit Court of Appeals, Second Circuit.
June 24, 1948.

Action by Pasquale Buro against American Petroleum Transport Corp., brought in the Supreme Court of the State of New York and removed by the defendant to the District Court of the United States for the Eastern District of New York. From a summary judgment for defendant dismissing the complaint, 75 F.Supp. 371, plaintiff appeals.

Affirmed.

Jacob Rassner, of New York City (Nathan Baker, Jack Steinman, and Robert Klonsky, all of New York City, on the brief), for plaintiff-appellant Joseph McGowan.

Jacob Rassner, of New York City (Thomas O'Rourke Gallagher, of Brooklyn, N. Y., and Jack Steinman and Robert Klonsky, both of New York City, on the brief), for plaintiff-appellant Pasquale Buro.

Michael E. Hanrahan, of New York City (Gerard A. Connolly, Franklin Square, L. I., N. Y., on the brief), for defendant-appellee J. H. Winchester & Co., Inc.

John L. Quinlan, of New York City (Bigham, Englar, Jones & Houston and John M. Aherne, all of New York City, on

the brief), for defendant-appellee American Petroleum Transport Corporation.

Leavenworth Colby, Sp. Asst. to Atty. Gen., Admiralty and Shipping Sec., Dept. of Justice (H. G. Morison, Asst. Atty. Gen., Edward L. Smith, Sp. Asst. to Atty. Gen., Admiralty and Shipping Sec., Dept. of Justice, and Martin J. Norris, Atty., U. S. Maritime Com'n, of New York City, on the brief), for the United States as amicus curiae.

Before SWAN, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

These appeals were argued at the same time; and since each presents the same question, they may be disposed of in one opinion. The question is whether the general agent operating for the United States vessel owned by the latter is responsible for an injury to a third party caused by the negligence of the ship's crew. There is no dispute as to the facts in either case, and they may be briefly stated.

Both plaintiffs were employees of contractors engaged on behalf of the United States to repair vessels owned and operated by the Government. The defendants, by virtue of contracts with the United States acting by and through the War Shipping Administration, were the general agents for the vessels involved. McGowan, a rigger employed by the Seaboard Marine Co., Inc., was engaged in operating a winch on the S.S. "William A. Graham," while Buro was a scaler employed by Tollefsen Brothers aboard the S.S. "William Penn." The injury to McGowan occurred in the course of his work aboard the "Graham" when, as a result of negligence on the part of the ship's crew, a metal shackle attached to a gantline struck him, causing the injury of which he complains. Buro, on the other hand, was injured as a consequence of the negligence of the "Penn's" owner in failing to fit a proper platform at the point where the latter from a manhole on deck ended in the curved top of a shaft alley. It appears that he was descending into a tank when he slipped and fell because of this described negligence. Although it is conceded that upon proof

of negligence each could have recovered from the United States as operating owner in possession of the vessels, each, instead, sued the general agent which the United States had employed under a standard form of agreement to manage and conduct the accounting and certain other shoreside business operations of the vessels. The claim is made that the defendants were in fact in possession and control of the vessels, and hence liable for the negligence that caused the injuries suffered.

The McGowan case proceeded to trial before a jury. The district judge expressly reserved decision on the question of the possession and control of the vessel as a matter of law for his determination. He therefore instructed the jury that, if it found that negligence on the part of the crew had caused the injury, then it should return a verdict for the plaintiff. The jury so found and returned a verdict for the plaintiff for $13,000. Thereafter the district judge granted the defendant's motion to set aside the verdict and dismiss the complaint. In his memorandum of opinion, 78 F.Supp. 507, he concluded that the members of the crew were exclusively the agents and employees of the United States, and not of the defendant. In reaching this result he relied on the holding in Caldarola v. Thor Eckert & Co., 332 U.S. 155, 67 S.Ct. 1569, 91 L.Ed. 1968.

The Buro case never reached the jury. Buro began his suit in the Supreme Court of the State of New York, and the defendant removed it to the District Court of the United States for the Eastern District of New York. There the judge granted a motion for summary judgment made by the defendant on the basis of the plaintiff's deposition and the terms of the general agency agreement entered into by the defendant with the United States through the War Shipping Administration. The plaintiff failed to challenge an affidavit of the defendant's treasurer to the effect that his company managed the "William Penn" "in accordance with the terms of the aforementioned General Agency Agreement, and not otherwise." As in the McGowan case, the opinion of the district court, D.C.E.D.N.Y., 75 F.Supp. 371, re-

lied on the Caldarola case, supra, as establishing that the agent was not liable for the negligence of the personnel employed by the Government to operate the vessel.

We agree with the result in each case. Indeed, the situations here in their major outlines are the same as those which confronted the Supreme Court in the Caldarola case. There the defendant was the general agent for a vessel owned by the United States under an agreement substantially the same as the ones here involved. There, too, the plaintiff was the employee of a firm engaged to work on the vessel. In the course of his work he was injured by the negligent operation and maintenance of the vessel. The Supreme Court concluded that such general agency agreements should not be read "so as to find the Agents to be owners pro hac vice in possession and control of the vessel." 332 U.S. 155, at page 159, 67 S.Ct. 1571, 91 L.Ed. 1968. Moreover, that Court particularly noted the contention urged by the Government as amicus curiae, namely, that, if a contrary result obtained, issues affecting the immunity of such vessels in foreign ports, as well as questions of local taxation, would plague the operation of Government-owned vessels. Indeed, these very considerations in a large measure accounted for the result there reached. They are equally applicable here. The facts before us fall within the holding in the Caldarola case.

The plaintiffs argue, however, that, where the general agent is in fact in possession and control of the vessel, it is liable for negligence resulting from its conduct. They say, further, that in such a situation the agency contract with the Government will not relieve it of responsibility for its torts. We need not consider the validity of this assumption, for the plaintiffs have failed to make any showing of such control and possession on the part of the defendants. The evidence relied on by McGowan no more than demonstrates that the defendant's acts were consistent with the contractual provisions entered into with the Government, while in the Buro case, the defendant's affidavit that it managed the "William

Penn" "in accordance with the terms of the aforementioned General Agency Agreement, and not otherwise," was not denied. It is settled that the general agency agreement does not make the agent the owner pro hac vice of the vessel so as to impose liability on the agent for injuries such as we have here. It would be an absurdity in such circumstances to impose liability on the agent where its acts have been in accordance with the provisions of the agreement and consistent therewith. That is the situation we have here.

Nor does Hust v. Moore-McCormack Lines, 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534, aid the plaintiffs. The Caldarola decision has narrowed the holding in the Hust case to such an extent that the general agent is liable only as "employer" to those seamen on the vessel who are injured as a result of negligence in connection with its operation. The case goes no further than that. Shilman v. United States, 2 Cir., 164 F.2d 649, certiorari denied 333 U.S. 837, 68 S.Ct. 608; Dichmann, Wright & Pugh, Inc. v. Weade, 4 Cir., 168 F.2d 914; Publicker Commercial Alcohol Co. v. Independent Towing Co., 3 Cir., 165 F.2d 1002. Indeed, in Shilman v. United States, supra, this court held that the agent was not even the "employer" so as to be liable to the seamen for their wages or other contractual obligations.

Accordingly we affirm the judgment in each case.