## GUTIERREZ v. PACIFIC TANKERS, Inc.
### Civ. A. No. 4462.

S. D. Texas, Houston Division.
United States District Court
Dec. 15, 1948.

Sam Holliday, of Houston, Tex.; for plaintiff.

Royston & Rayzor and Robert Eikel, all of Houston, Tex., for defendant.

KENNERLY, Chief Judge.

Plaintiff, Juan Gutierrez, a citizen of Texas, alleging that he was a seaman on the S.S.Signal Hills, brings this suit in a State Court against defendant, Pacific Tankers Inc., a citizen of California, who he alleges was the owner and operator of such steamship. The suit is for damages for personal injuries which plaintiff alleges he sustained on said steamship on or about November 11, 1947. The amount in controversy is more than $3000, exclusive of interest and costs. The suit was brought by plaintiff under the Jones Act, Section 688, Title 46 U.S.C.A.

Claiming that there is diversity of citizenship between plaintiff and defendant, that the amount in controversy is more than $3000, exclusive of interest and costs, that plaintiff was in truth and fact employed by the United States Maritime Commission and not by defendant, that the suit should have been brought against such Commission or against the United States Government, and that it was fraudulently brought against defendant only to prevent removal to this Court, defendant has removed the case into this Court. Plaintiff now moves to remand, and denies the fraudulent acts charged against him by defendant.

Ordinarily this would require the Court to try out either orally, on depositions, or on affidavits the issue of fraud (Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144, and cases there cited and which follow). I believe, however, that such procedure is not necessary for the following reasons:

■ 1. Plaintiff's petition in the State Court plainly shows that it was filed under the Jones Act, Section 688, Title 46 U.S.C.A. The weight of authority is that cases filed in the State Court under the Jones Act are not removable. Martin v. United States Shipping Board Emergency Fleet Corp., D.C., 1 F.2d 603; Beckwith v. American President Lines, D.C., 68 F.Supp. 353; Kristiansen v. National Dredging Co., D.C., 4 F.Supp. 925; Smith v. Lykes Brothers-Ripley S.S.Co., 5 Cir., 105 F.2d 604; Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813. Such cited cases were decided under the statute as it was prior to September 1, 1948, but I find nothing in the Act of Congress effective September 1, 1948, that changes the rule, Sections 1441 and 1445, Chapter 89, Title 28 U.S.C.A., effective September 1, 1948.

2. Defendant cites a number of cases to the effect that under certain contracts between the Government and its agents, the Maritime Commission or the Government, and not the agents, are liable to persons situated as is plaintiff. Aird v. Weyerhauser S.S.Co., 3 Cir., 169 F.2d 606; Dichmann, Wright & Pugh v. Weade, 4 Cir., 168 F.2d 914; Gaynor v. Agwilines, Inc., 3 Cir., 169 F.2d 612; McAllister v. Cosmopolitan Shipping Co., 2 Cir., 169 F.2d 4; McGowan v. J. H. Winchester & Co., 2 Cir., 168 F.2d 924; Palardy v. American-Hawaiian S.S.Co., 3 Cir., 169 F.2d 619; Publicker Commercial Alcohol Co. v. American-Hawaiian S.S.Co., 3 Cir., 165 F.2d 1002; Shilman v. United States, 2 Cir., 164 F.2d 649, certiorari denied, 333 U.S. 837, 68 S.Ct. 608, 92 L.Ed. —; Hust v. Moore-McCormack Lines, 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534; Caldarola v. Eckert, 332 U.S. 155, 67 S.Ct. 1569, 91 L.Ed. 1968.

■ But we do not have presently presented the question of liability. We have the question of defendant's right to remove the case into this Court simply by claiming or showing that another or others, and not defendant, may be or are liable to plaintiff in the face of plaintiff's allegations that defendant is liable. I am cited to no cases

so holding. Since plaintiff's pleadings clearly show that he desires to proceed against the defendant in the State Court under the Jones Act, and not against either the Maritime Commission or the Government, I know of no reason why he should not be permitted to do so. Sections 1441 and 1445, Title 28, effective September 1, 1948.

Plaintiff's motion to remand is granted.