## LUGO v. MOORE-McCORMACK LINES, Inc. et al.

United States District Court
S. D. New York.
March 15, 1949.

Wilfred E. Marrin, New York City, attorney for plaintiff. By Bernard B. Price, New York City.

Joseph K. Inness, New York City, attorney for defendant, Moore-McCormack Lines, Inc.

GODDARD, District Judge.

Motions (1) For summary judgment dismissing the complaint; (2) To dismiss the complaint as to Moore-McCormack Lines, Inc. for lack of jurisdiction over the parties; (3) To dismiss the complaint for lack of jurisdiction over the subject matter.

The action is brought under the Jones Act, 46 U.S.C.A. § 688 to recover damages for personal injuries. The complaint in its First Count alleges that the plaintiff was a painter employed by the Oceanic Ship Scaling Co., Inc. and was injured when he fell into a deep tank on the S.S. Edward W. Burton, as a result of the failure of the defendant, Moore-McCormack Lines, Inc. to provide him with a safe place to work. In the Second Count of the complaint it alleges that Sancor Corporation entered into a general contract with Moore-McCormack Lines, Inc. to do certain repair work on the Edward W. Burton, including painting, and that Sancor Corporation, the general contractor, sublet the painting job to Oceanic Ship Scaling Co., Inc., and it was the duty of the Sancor Corporation to provide plaintiff with a safe place to work, which it failed to do.

The S.S. Edward W. Burton was owned by the United States and Moore-McCor-

542

mack Lines, Inc. was acting as its agent under a general agency agreement. Moore-McCormack Lines, Inc. is a Delaware corporation; plaintiff is a citizen of New York, and the Sancor Corporation is a New York corporation.

Moore-McCormack Lines, Inc. moves for summary judgment on the ground that under its general agency agreement it is not liable to business invitees injured while working aboard the ship, relying upon Caldarola v. Eckert, 332 U.S. 155, 67 S.Ct. 1569, 91 L.Ed. 1968; McGowan v. J. H. Winchester & Co., 2 Cir., 168 F.2d 924.

A prior motion by defendant for summary judgment was denied by Judge Bondy "without prejudice to a renewal thereof upon a proper showing of the general agency agreement". The General Agency Agreement is attached to the present moving papers.

Affidavits have been submitted by Moore-McCormack's Vice-President and by its port engineer, which seem to support the defendant's contention that its services were limited to the general agency agreement. However, Sancor in a stipulation concedes that it was engaged as contractor by Moore-McCormack to perform certain work on the Edward W. Burton, and that it sub-contracted some of the work to Oceanic Ship Scaling Co., Inc. Therefore, it is possible that plaintiff will be able to show a de facto degree of possession and control beyond the general agency agreement. See Caldarola v. Eckert, supra, 332 U.S. 158-159, 67 S.Ct. pages 1570-1571; Memphis Natural Gas Co. v. Stone, 335 U.S. 80, 90, 93, 68 S.Ct. 1475, 92 L.Ed. 1832; Cullings v. Goetz, et al., 256 N.Y. 287, 176 N.E. 397.

The motion for summary judgment is denied.

The motions to dismiss the complaint for lack of diversity as the plaintiff is a citizen of New York and Sancor is a New York corporation, must be granted; also for the reason that plaintiff erroneously alleges a claim under the Jones Act, for plaintiff is neither a seaman nor an employee of either defendant. However, the plaintiff has leave to amend his pleadings within ten days so as to sever his action as against Sancor Corporation, Rule 21, Federal Rules Civil Procedure, 28 U.S. C.A., and to allege a proper claim against Moore-McCormack Lines, Inc.

Settle order on notice in accordance with the above.