## GREENE v. UNITED FRUIT CO.

United States District Court
S. D. New York.
Aug. 19, 1949.

Herman Rosenfeld, of New York City, for plaintiff, for the motion.

G. Hunter Merritt, of New York City, for defendant, opposed.

HOLTZOFF, District Judge (sitting by designation).

This action was brought in the Supreme Court of the State of New York to recover damages under the Jones Act, Title 46 U. S.C.A. § 688, for the wrongful death of a seaman. The defendant caused the action to be removed to this court. The plaintiff now moves to remand the suit to the State court.

The sole question presented is whether an action brought in a State court under the Jones Act to recover damages for personal injuries to, or for the death of, a seaman, is removable to a Federal court.

The Jones Act in effect provides that if any seaman suffers personal injuries, he may maintain an action for damages at law and that in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injuries to railway employees shall apply. The Act further provides that in case of the death of any seaman as a result of any such personal injury, the personal representative of the seaman may maintain an action for damages at law and that in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees, shall be applicable.

The Federal Employers' Liability Act, Title 45, U.S.C.A. § 56, which governs actions for injury or death sustained or suffered by railway employees, contained a provision that the jurisdiction of the courts of the United States in such actions shall be concurrent with that of State courts, and that any action brought under this Act in any State court shall not be removable to a Federal court. Section 71 of old Title 28, U.S.C.A. also contained a provision that an action brought in a State court under the Federal Employers' Liability Act shall not be removable to a Federal court. Thus, there were two distinct statutory provisions barring the removal of actions under the Federal Employers' Liability Act from State to Federal courts. The rule in this Circuit has been that these provisions likewise preclude the removal of actions under the Jones Act, since the latter, in effect, incorporates by reference all of the provisions of the Federal Employers' Liability Act and cognate statutes, whether they relate to the right or the remedy. Beer v. Clyde S. S. Co., D.C., 300 F. 561, A. N.

82

Hand, J.; Herrera v. Pan-American Petroleum & Transport Co., D.C., 300 F. 563, A. N. Hand, J.; Martin v. United States Shipping Board Emergency Fleet Corp., D.C., 1 F.2d 603, A. N. Hand, J.; Atianza v. United States Shipping Board Emergency Fleet Corp., D.C., 3 F.2d 845; Goetz v. Interlake S. S. Co., D.C., 47 F.2d 753, Woolsey, J.

By Section 18 of the Act of June 25, 1948, Public Law No. 773, 80th Cong., 62 Stat. 989, the above-mentioned provision of the Federal Employers' Liability Act, which barred actions brought thereunder in a State court from removal to a Federal court, was repealed. The defendant argues that whatever may have been the law prior to June 25, 1948, the repeal of this prohibition abrogated the bar against the removal of actions under the Federal Employers' Liability Act from State to Federal courts. This contention, however, overlooks the fact that Section 1445(a) of new Title 28 U.S.C.A., which also forms a part of the Act of June 25, 1948, re-enacted the above-mentioned provision of Section 71 of old Title 28 precluding removal of actions under the Federal Employers' Liability Act from State to Federal courts. In other words, while one of the provisions prohibiting removal has been repealed, the other has been expressly continued in effect.

It is argued that the repeal of one of these provisions indicates an intent on the part of the Congress to abrogate the prohibition against removal. It is equally plausible, however, to contend that one of the two prohibitions was repealed because only one was necessary and the other was surplusage. In any event, this Court may not speculate as to what Congress intended. As was recently said by Chief Justice Vinson: "The short answer is that there is no need to refer to the legislative history where the statutory language is clear." Ex parte Collett, 337 U.S. 55, 61, 69 S.Ct. 944, 947, 959. In this instance the pertinent statute now in effect, Title 28 U.S.C.A. § 1445(a), bars the removal from a State to a Federal court of any action under the Federal Employers' Liability Act. The provisions of the Jones Act incorporating by reference all laws regulating the right

or the remedy under the Federal Employers' Liability Act, remain untouched. The inescapable conclusion is that actions under the Jones Act are not removable from State to Federal courts.

It may be noted that the same conclusion was reached by the United States District Court for the Southern District of Texas in Gutierrez v. Pacific Tankers, D.C., 81 F. Supp. 278.

Motion to remand is granted. Submit order.