## BOMBERGER v. INTERNATIONAL FREIGHTING CORPORATION, Inc.

United States District Court
S. D. New York.
April 14, 1950.

Nathan Baker, New York City, for plaintiff.

Hanrahan & Dougherty, New York City, for defendant.

NOONAN, District Judge.

This is a motion for summary judgment.

Plaintiff brings this action to recover damages for personal injuries sustained on June 11, 1946, aboard the "SS Amherst Victory". Plaintiff alleges he was on board the vessel as an invitee, as he was an employee of an independent contractor performing work on the vessel. The defendant was a general agent for the United States, owner of the "SS Amherst Victory" under a standard uniform General Agency agreement.

 An action can be maintained against an agent of the United States at common law for the agent's own torts. Brady v. Roosevelt S. S. Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471. However, general agents, under the standard form contracts, are not, under the terms thereof, in possession and control of a vessel so as to make them liable, under New York Law, to an invitee for injuries arising from negligence in its maintenance. Caldarola v. Eckert, 332 U.S. 155, 67 S.Ct. 1569, 91 L. Ed. 1968; McGowan v. J. H. Winchester & Co., Inc., 2 Cir., 168 F.2d 924. Defend-ant here urges that any failure to perform such duties of inspection and repair to the ship's equipment, as were assigned to it by the United States, was nonfeasance, for which defendant is answerable to its principal, the United States, and not to the plaintiff here. Caldarola v. Moore-McCormack Lines et al., 295 N.Y. 463, 68 N.E. 2d 444. However, it appears here that the independent contractor, the employer of plaintiff, was engaged by defendant to perform certain work on the "SS Amherst Victory". Accordingly, there is a possibility plaintiff may be able to establish a possession and control beyond the General Agency Agreement. This is a question of fact.

Further, the complaint charges negligence on the part of the defendant itself, as distinguished from negligence of the ship's master or crew, McGowan v. J. H. Winchester & Co., Inc., supra, and an issue of fact is apparently raised as to that question. Weade v. Dichmann, Wright & Pugh, Inc., 337 U.S. 801, 808, 809, 69 S.Ct. 1326, 93 L.Ed. 1704; Greer v. Cosmopolitan Shipping Company, 1949 A.M.C.1825.

Motion for summary judgment is, therefore, denied.