Callahan, J.
This action was brought by a member of the crew of the S. S. George T. Angelí against DeSimone Stevedores, Inc. (hereinafter called “ DeSimone ”), to recover damages for *373 personal injuries suffered on June 2, 1944, when a deck engine which plaintiff was greasing was started without warning. The plaintiff’s complaint alleges that defendant DeSimone negligently started said engine.
DeSimone has served a thirty-party complaint against American Export Lines, Inc. (hereinafter called “ Export ”) containing three causes of action. The first cause of action seeks to impose liability over on Export on the theory that at the time of the accident DeSimone had ceased to operate the engine, which was allegedly under the control of Export, and that the accident was due to the affirmative negligence of the latter. It also alleged that the engine had been caused to start by reason of its defective condition, and that there had been a failure on the part of Export to properly inspect the engine. The second cause of action asked for contribution from Export on the ground that the latter is a joint tort-feasor. The third cause of action alleged that Export owed plaintiff a nondelegable duty to provide him a safe place to work and had failed in performing this duty. Recovery over by way of total indemnity is sought upon the first and third causes of action, and contribution is prayed for upon the second.
Export’s answer denied management, operation and control of the S. S. George T. Angelí, and denied each and every allegation of carelessness and negligence.
Export moved for summary judgment dismissing this third-party complaint, pursuant to rule 113 of the Rules of Civil Practice, on the ground that the WSA Contract 203 between United States Government, acting through the War Shipping Administration, and Export, put the management operation and control of the S. S. George T. Angelí in the United States Government; therefore, no action lies against Export as ‘‘ general agent ” of the said vessel. The motion was supported by documentary evidence consisting of the contract in effect on the date of the accident and governing the management and conduct of the business of the vessel. The provisions of this contract, except for the name of the vessel and of the agent, are identical with the Wartime General Agency Agreement construed by the courts in Caldarola v. Moore-McCormack Lines (270 App. Div. 563, affd. 295 N. Y. 463, affd. 332 U. S. 155) and Cosmopolitan Shipping Co. v. McAllister (337 U. S. 783). These cases conclusively decided that under such an agreement the general business agent was not in control of the vessel so as to be liable to the public for negligent operation of its works.
*374 DeSimone, however, attempts to avoid the .effect of these decisions by asserting that the latter were decided after trial and not on the pleadings, and it calls attention to the general allegations in the third-party complaint that Export was in control. But here Export seeks summary judgment and not judgment on the pleadings. It moved upon documentary proof which established prima facie that Export did not have control, and DeSimone was required to meet this prima facie showing by evidentiary facts to overcome the effect of the documentary proof. We find no facts whatever in the opposing affidavits to show that Export was in actual control of the engine at the time of the accident, but merely suggestions by DeSimone that it may be able to establish such control at the trial. Statements in the affidavit to the effect that DeSimone was not in control, and did not start the engine, and was not negligent, do not establish control by Export, but would merely tend to' show that the original plaintiff could not recover against DeSimone and thus destroy the basis for indemnity (see Chase Nat. Bank v. Battat, 277 App. Div. 49).
On this record the motion for summary judgment should have been granted as to the first and third causes of action.-
There remains the question of the right of DeSimone to recover contribution under the second cause of action. Under the law of this State, the right to contribution is limited to cases where there has been recovery of a joint judgment against tortfeasors and payment of more than its prorata share by the one seeking such relief (Civ. Prac. Act, § 211-a).
One tort-feasor, when sued alone, may not implead another under the new third-party procedure found in section 193-a of the Civil Practice Act. The right to implead still rests on the existence of a claim for liability over, which does not arise as between joint tort-feasors (Cloud v. Martin, 273 App. Div. 769).
But DeSimone asserts that the foregoing rule of law has no application to the second cause of action. It points out that this was a maritime accident, and thus the law of admiralty applies, which affords the right of contribution by one joint tort-feasor against another, and that this is a substantive right enforcible in the State courts (see Riley v. Agwilines, Inc., 296 N. Y. 402). We need not decide the question as to whether the right to implead was open to DeSimone under section 193-a of the Civil Practice Act in order to enforce such a substantive right. It is enough to hold that there is no factual support for this cause of action in DeSimone’s affidavit opposing the motion for summary judgment. One asserting such a cause of action *375 would, at least, have to show by evidentiary facts on a motion of the present nature that the impleaded defendant was in some way negligent and thus liable to the original plaintiff. The absence of any such facts in the opposing affidavit would require that the second cause of action should also be dismissed.
The order denying the motion for summary judgment dismissing the third-party complaint should be reversed, with $20 costs and disbursements, and the motion granted.
G-lennon, J. P., Dore, Cohn and Van Voorhis, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted, and judgment is directed to be entered dismissing the third-party complaint herein, with costs.