**MERCADO**

v.

**UNITED STATES et al.**

United States District Court
S. D. New York.
Sept. 29, 1953.

---

2. Observations on Transfer under 1404(a) of the New Judicial Code, 10 F.R.D. 595, 606.

Sterling & Schwartz, New York City, for libelant.

Purdy, Lamb & Catoggio, New York City, for respondent impleaded McAllister Bros., Inc.

Dougherty, Ryan & Mahoney, New York City, for respondent U. S. and A. L. Burbank & Co., Ltd.

NOONAN, District Judge.

This is a motion brought pursuant to Rule 27 of the General Admiralty Rules, 28 U.S.C.A., by respondents-impleaded, A. L. Burbank & Co., Ltd., to sustain its exceptions and dismiss the impleading petition of the respondents-impleaded, McAllister Bros., Inc., and McAllister Lighterage Lines, Inc., on the ground that it does not state a cause of action against Burbank in that Burbank was not the owner and had no control over the vessel aboard which the libellant was allegedly injured.

The action itself is brought by the libellant for personal injuries allegedly sustained by him while employed aboard ship by a third party. The respondent, United States of America, impleaded the McAllisters who in turn have impleaded the United States of America and Burbank.

A similar action was brought in the Supreme Court of the State of New York, County of New York, by Mercado and naming Burbank and the McAllisters as defendants. On May 23, 1951, Burbank's motion for summary judgment was granted by the Hon. Charles D. Breitel and an order entered dismissing the complaint as to Burbank. On June 18, 1953, an order of the Appellate Division, First Department, was filed dismissing the McAllisters' appeal from Judge Breitel's decision.

Burbank submits that Judge Breitel's order is res judicata in this matter, and therefore they may not be impleaded in this action.

■ This defense is not valid because in the action brought in the state court, the complaint was not dismissed on the merits but rather was dismissed with the consent of the plaintiff and with the understanding that Burbank would submit to service of papers in an application to bring them into the action pursuant to a certain provision of the New York Civil Practice Act (§ 193–a).

Although the point has been raised that Burbank waived its right to except to the impleading petition by answering it, and also that the exceptions should be treated as a motion for summary judgment, we feel that regardless of these points, an examination of the reasoning behind the motion reveals that it should be denied at this time.

■ The law seems clear on the point that under the form of general agency agreement involved in this proceeding, the agent does not become liable in tort for injuries to third parties caused by members of the crew of a vessel on board which the injury took place, Caldarola v. Eckert, 332 U.S. 155, 67 S.Ct. 1569, 91 L.Ed. 1968; Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692; McGowan v. J. H. Winchester, D.C., 78 F.Supp. 507; or caused by failure to provide safe working conditions, Caldarola v. Moore-McCormack, 295 N.Y. 463, 68 N.E.2d 444; Buro v. American Petroleum Transport Corp., D.C., 75 F.Supp. 371. However, there is no reason to believe that the agent is relieved of more than mere non-

890

feasance, and it is alleged by the McAllisters that the actions of Burbank involve more than nonfeasance.

Whether such is the case or not we do not know, but the McAllisters should certainly not be prevented from proving on the trial that Burbank should be held liable for its own *active* fault.

The motion is accordingly denied without prejudice to its being renewed before the judge presiding at the trial.

Settle order.